IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-cv-494-BO

| | | |
|---|---|---|
| KIMBERLY M. COLEY, | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| RICHARD D. SPARKMAN, Ch. 7 | ) | |
| TRUSTEE, | ) | |
| Appellee. | ) | |

This matter is before the Court on an appeal of the bankruptcy court's order allowing the Trustee to avoid certain transfers of property. For the reasons discussed below, the decision of the bankruptcy court is AFFIRMED.

BACKGROUND

In January 2014, the Western District of Virginia entered judgment in favor of DirecTV against Randy Coley and his company, East Coast Cablevision, LLC in the amount of $2,393,000. This judgment arose from a finding of liability for 2,393 separate violations of the Communications Act. Unable to collect its judgment from Mr. Coley and East Coast Cablevision, DirecTV moved to "reverse pierce" the corporate veil of three entities in which Mr. Coley had an ownership interest. One of these entities was a limited liability company named It's Thundertime ("ITT").

At the time of DirecTV's veil piercing motion, ITT owned, among other properties, Randy's and Appellant Kimberly Coley's personal residence ("Brittany Place") in Cary, North Carolina and lake house ("Harbor Drive") in Macon, North Carolina. The Coleys transferred these properties to ITT in 2008 and 2010, respectively. While the district court's ruling on the veil piercing motion was pending, the Coleys attempted to cause ITT to issue two deeds

transferring Brittany Place and Harbor Drive to them jointly as tenants by the entirety. ITT received no money for the purported transfers. The district court subsequently granted DirecTV's motion to reverse pierce the corporate veil of ITT, thereby making ITT jointly and severally liable for the judgment against Mr. Coley.

In April 2018, Mr. Coley filed a Chapter 11 petition, which was subsequently converted to a Chapter 7 case. The Trustee filed a complaint seeking to avoid the transfers of Brittany Place and Harbor Drive. After a two-day trial, the bankruptcy court determined that the Trustee could avoid the transfers because they were (1) made with intent to hinder, delay, or defraud creditors, and (2) made without receipt of reasonably equivalent value—therefore avoidable under both N.C. Gen. Stat. §§ 39-23.4(a)(1) and 39-23.4(a)(2). Additionally, the bankruptcy court determined that the deed purporting to transfer Brittany Place was defective because the Coleys signed the deed in their personal capacities, not as representatives of ITT.

Ms. Coley now appeals the bankruptcy court's order and judgment. She argues (1) the bankruptcy court erred in its assessment of reasonably equivalent value; (2) the bankruptcy court's conclusion that the transfers were made with intent to hinder creditors was insufficient to avoid the transfers; and (3) the bankruptcy court placed undue weight on the lack of ITT's signature, failing to analyze the intent of the parties.

## DISCUSSION

A bankruptcy court's conclusions of law are reviewed *de novo* and its factual findings are reviewed for clear error. *In re J.A. Jones, Inc.*, 492 F.3d 242, 249 (4th Cir. 2007).

Section 39-23.4(a) provides that a transfer made by a debtor is voidable as to a transferee if the transfer was made "with intent to hinder, delay, or defraud any creditor of the debtor" or was made without receiving reasonably equivalent value while the debtor was insolvent.

After a two-day trial that included the Coleys' own testimony, the bankruptcy court found that the transfers were made with actual intent to hinder or defraud creditors. The court found that the Coleys' testimony was not credible and that the transfers "were part of a concerted effort to keep cash and assets out of Thundertime and protected from Mr. Coley's creditors by the attempted transfer to the Coleys as tenants by the entireties." This is a factual finding about the Coleys' intent that is, by itself, sufficient to support the bankruptcy court's order. The Court has reviewed the record as well as the bankruptcy court's detailed analysis on this issue and finds no clear error.

Ms. Coley argues that a finding of actual intent to hinder is only one element under § 39-23.4(a)(1)—that it is a necessary but insufficient condition to avoiding a transfer under subsection (a)(1). This is not correct. The plain text of § 39-23.4(a) makes clear that intent to hinder is sufficient.

The bankruptcy court also found that ITT did not receive reasonably equivalent value for the transfers and that ITT was insolvent on the date of the transfers. These factual determinations by the bankruptcy court—which the Court has reviewed and finds no clear error—are also sufficient to support the bankruptcy court's order under subsection (a)(2).

Ms. Coley appears to argue that because the district court in Virginia estopped her from asserting an ownership interest in ITT (which it did because she made multiple statements under oath that she had no interest or involvement in the company), her membership interest in the company was somehow converted to a creditor interest. Consequently, she argues that when ITT transferred the properties to her and Mr. Coley, the company was satisfying a debt, creating no net effect on ITT's balance sheet. Ms. Coley cites no authority for her member-into-creditor interest theory. The bankruptcy court explicitly found no evidence that ITT became liable to her

when the properties were first transferred to ITT in 2008 and 2010. Rather, as the Coleys stated on the record, they transferred the properties to ITT to protect their personal assets from tort liability.

In sum, the bankruptcy court determined that under either subsection of § 39-23.4(a), the transfers were avoidable. Its determinations are based on factual findings regarding the Coleys' intent and the value received by ITT for the property transfers. Because either determination is sufficient to support the avoidance, the Court need not engage with Ms. Coley's argument that the bankruptcy court erred in finding the Brittany Place transfer defective.

## CONCLUSION

For the foregoing reasons, the order of the bankruptcy court is AFFIRMED.

SO ORDERED, this __14__ day of April, 2020.

                                                                          _Terrence Boyle_
                                                                          TERRENCE W. BOYLE
                                                                          CHIEF UNITED STATES DISTRICT JUDGE